IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ELMO TABB, JR.,

    Petitioner,                    No. CIV S-04-2475 FCD JFM P

    vs.

TOM L. CAREY, Warden,

    Respondent.                FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has moved to dismiss this action for failure to exhaust state remedies.  Respondent also contends that petitioner's claims are subject to summary dismiss pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

1

providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

In 1982, petitioner was sentenced to fifteen years to life in prison plus one year following his conviction on charges of second degree murder while armed with a deadly weapon. At issue in the instant action is the execution of petitioner's sentence. Petitioner raises three claims. First, he claims that his Fourteenth Amendment right to due process was violated when the California Board of Prison Terms improperly reclassified him as a life prisoner without a hearing. Second, he claims that his right to equal protection of law, also guaranteed by the Fourteenth Amendment, has been violated by the failure of prison and parole officials to apply parole regulations to him in the same manner those regulations are applied to other similarly situated inmates. Finally, petitioner claims that the indeterminate sentencing provisions of California's Determinate Sentencing Act of 1976 are unconstitutionally vague. Respondent contends that petitioner did not exhaust state remedies for any of these claims.

Petitioner first challenged his classification as a life prisoner and the denial of release on parole in a writ of habeas corpus filed in the San Mateo Superior Court. That petition was denied by order filed April 4, 2003. (See Ex. C to Respondent's Motion to Dismiss, filed February 15, 2005.) Thereafter, petitioner filed in the superior court a motion to correct an erroneous ruling of law pursuant to California Code of Civil Procedure § 128. That motion was denied by order filed June 3, 2003. (Id.) Petitioner then filed a petition for writ of mandate in the California Court of Appeal for the First Appellate District, which was denied by order filed October 29, 2003. (Id.) On November 6, 2003, petitioner filed a petition for review in the California Supreme Court, seeking review of the court of appeal's denial of his petition for writ of mandate. (Id.) That petition was denied on December 10, 2003. (Id.) Petitioner has not filed any other state court challenge to the execution of his sentence. (See Petition for Writ of Habeas Corpus, at 6-7.)

1  In his petition for review to the California Supreme Court, petitioner identified
2  two questions for review. The first was described as follows:

> What is the present meaning of "Less-Than-Life" for the purpose of a prisoner being release on parole at the expiration of his term of imprisonment statutorily imposed and as reduced by conduct credits pursuant to California Penal Code Section (PC §) 2931, and can the Board of Prison Terms (BPT) assert jurisdiction in the case of a prisoner undergoing a less than life sentence absent the authority to fix terms of imprisonment?

(Respondent's Ex. C, at 1-2.)

The second was set forth as follows:

> Does a trial court's erroneous ruling of law and failure to correct this erroneous ruling on rehearing, pursuant to California Code of Civil Procedures Section 128, deprive a person who is improperly deprived of his or her liberty the right to petition for a writ of habeas corpus guaranteed by both the State and Federal Constitutions?

(Id. at 2.) Respondent contends that none of the claims raised in the instant petition were identified in the two questions presented in the petition for review and, therefore, that all of petitioner's federal claims are unexhausted.

Review of the state petition for review, however, shows that petitioner fairly presented therein his claim that the indeterminate sentencing provisions of the Determinate Sentencing Act implicated vagueness concerns under the Fourteenth Amendment, (Ex. C at 2.), that his due process rights were violated when his minimum sentence was "redetermine[d]" without a hearing (Ex. C at 4), and that he was denied equal protection of the law through "an uneven application of the statutory sentencing and parole scheme." (Id.) The petition, albeit inartfully pleaded, gave the California Supreme Court a fair opportunity to rule on the merits of his federal claims by inviting them to review as erroneous the state superior court's rejection of those claims.

For the foregoing reasons, this court finds that petitioner has exhausted state court remedies with respect to the claims raised in the instant action.

1        Respondent also contends that petitioner's claims are subject to summary
2 dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States
3 District Courts.  (See Motion to Dismiss, at 2 n.2.)  Rule 4 of the Habeas Rules authorizes a
4 judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any
5 exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, 28
6 U.S.C. foll. § 2254.

7        Petitioner's first claim is that his minimum term of imprisonment was changed
8 without a hearing, in violation of his right to due process.  In support of this claim, petitioner
9 contends that, pursuant to California Penal Code § 190(a), he was entitled to a one-third
10 reduction of the fifteen year portion of his fifteen year to life sentence.  That, petitioner contends,
11 made his minimum sentence a ten year sentence.  Petitioner also contends that the Board of
12 Prison Terms was required to recalculate his indeterminate term to a determinate term, and to
13 calculate his parole release date in accordance with the provisions of California Penal Code §
14 1170.2(a).  Petitioner further contends that he was "entitled to release on parole at the expiration
15 of such term, unless a hearing was held to re-fix his statutorily imposed minimum term of
16 imprisonment."  (Petition, Claim One, p.2.)  The due process violations, petitioner contends,
17 were the characterization of petitioner's prison term as a life term, and the failure to hold a
18 hearing to reset his minimum term of imprisonment.

19        Prior to July 1, 1977, California operated under an indeterminate sentencing law
20 (ISL) system.  See Guzman v. Morris, 644 F.2d 1295, 1296 (9th Cir. 1981).  On July 1, 1977,
21 California's Determinate Sentencing Law (DSL) went into effect.  Id.  As part of the conversion
22 from the ISL to the DSL, certain indeterminate sentences were to be "reset."  Id.  The provisions
23 of California Penal Code § 1170.2 apply to the resetting of sentences imposed for felonies
24 committed prior to July 1, 1977.

25         The DSL contains some provisions for indeterminate sentences.  See In re
26 Dannenberg, 34 Cal.4th 1061, 1078 (2005); see also People v. Jefferson, 21 Cal.4th 86, 92

(1999). Petitioner's commitment offense occured, and petitioner was sentenced, after July 1, 1977, under the indeterminate sentencing provisions of the determinate sentencing law. Petitioner's sentence of fifteen years to life in prison is an indeterminate sentence. See Dannenberg, at 1078. As such, petitioner "becomes eligible for parole after serving [a] minimum term[] of confinement," but the determination of his actual term of confinement rests with the Board of Prison Terms. Id. Petitioner's contention that, absent notice and hearing, he was entitled to release on a date set pursuant to the provisions of California Penal Code § 1170.2(a) is without merit; that section has no application to petitioner.[2]

Petitioner was admitted to the California Department of Corrections on December 29, 1982, and his minimum eligible parole date was calculated at January 1, 1993. (Petition, Claim One, pg. 1.) Petitioner was not entitled to release on that date, nor was his right to due process violated by the failure to either release him on that date or hold a hearing to "re-fix" his minimum eligible parole date. Petitioner's first claim should be summarily dismissed.

Petitioner styles his second claim for relief an alleged violation of the equal protection clause of the Fourteenth Amendment, claiming that he "is part of a subgroup of state prisoners not sharing the same characteristics" as administratively defined "life prisoners" and is suffering the "uneven handed application of the state's sentencing and parole laws." (Petition, at 8.) For the reasons set forth supra, petitioner's contention that he is not a "life prisoner" for purposes of California's parole system is factually inaccurate. Moreover, petitioner has failed to present any facts which support a claim that he is being unlawfully treated differently from any other similarly situated inmate. Petitioner's second claim should be summarily dismissed.

Petitioner's third claim is that the indeterminate sentencing provisions of California's determinate sentencing law are unconstitutionally vague. Specifically, petitioner contends that there are "no provisions" for determining parole eligibility for inmates sentenced

---

[2] Petitioner's eligibility for parole is governed by the provisions of California Penal Code § 3041. See In re Dannenberg, at 426.

5

1  under these provisions.  Petitioner's contention is without merit; the provisions of California
2  Penal Code § 3041 govern parole consideration for such inmates.  <u>See</u> <u>In re Dannenberg</u>, at 1076.
3  This claim should be summarily dismissed.

4  For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that this
5  action be summarily dismissed.  <u>See</u> Rule 4, 28 U.S.C. foll. § 2254.

6  These findings and recommendations are submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
8  days after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
11 shall be served and filed within ten days after service of the objections.  The parties are advised
12 that failure to file objections within the specified time may waive the right to appeal the District
13 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
14 DATED:  June 27, 2005.

UNITED STATES MAGISTRATE JUDGE

12
tabb2475.mtd

6